UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Justin R. Matthews,

    Plaintiff,

v.

Case No.:

Cardinal Glass Industries, Inc.,

    Defendant.
_____/

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Cardinal Glass Industries, Inc. ("Cardinal") hereby removes this action from the Circuit Court for the Fifth Judicial Circuit of the State of Florida, Marion County, to the United States District Court for the Middle District of Florida, Ocala Division. In support of this Notice of Removal, Cardinal avers as follows:

### Procedural History and Statement of the Case

1. On or about April 26, 2021, Plaintiff filed his Complaint styled *Justin R. Matthews v. Cardinal Glass Industries, Inc., a Foreign For-Profit Corporation*, Case No. 2021-CA-766, with the Circuit Court for the Fifth Judicial Circuit of the State of Florida, Marion County. A copy of the state court file is attached hereto.

2

2. On or about May 6, 2021, Plaintiff personally served Cardinal's registered agent with a copy of the Summons and Complaint.

3. Plaintiff's Complaint asserts one count of relief for disability discrimination under the Florida Civil Rights Act of 1992 ("FCRA"), *Fla. Stat.* § 760.01 *et seq*.

4. Plaintiff seeks damages "in excess of $30,000 exclusive of interests, costs and attorney's fees."

5. Among other things, Plaintiff's Complaint requests the following relief: (a) Compensatory damages for emotional pain, suffering, mental anguish, and dignitary injury and other pecuniary losses; (b) Back pay, including the economic value of lost fringe benefits and interest on back pay; (c) Front pay, including interest on front pay; (d) Punitive damages allowed by law; and (e) Costs and attorney's fees.

6. Plaintiff is a citizen of Florida.

7. Cardinal is a Minnesota corporation with its principal place of business located at 775 Prairie Center Drive, Suite 200, Eden Prairie, Minnesota 55344. *See* **Exhibit A**. Therefore, under 28 U.S.C. § 1332(c)(1), Cardinal is a citizen of Minnesota.

## Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Cardinal and more than $75,000, exclusive of interest and costs, is in controversy. *See, e.g., Moreland v. Suntrust Bank,* 981 F.Supp.2d 1210 (M.D. Fla. 2013).

9. There is complete diversity of citizenship because Plaintiff is a citizen of Florida and Cardinal is a citizen of Minnesota.

10. There is also more than $75,000 in controversy. Plaintiff's Complaint seeks an unspecified amount of damages "in excess of $30,000, exclusive of interest, costs and attorney's fees." Plaintiff seeks an award of back pay, front pay, compensatory damages for emotional pain, suffering, mental anguish, and dignitary injury and other pecuniary losses, and punitive damages allowed by law.

11. Pursuant to *Fla. Stat.* § 760.11(5), punitive damages alone can total up to $100,000. *See also Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (holding that punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases unless it is apparent to a legal certainty that such cannot be recovered).

12. Moreover, a successful plaintiff under the Florida Civil Rights Act is statutorily entitled to an award of reasonable attorney's fees. Therefore, attorney's fees count toward the amount in controversy. *See Moreland,* 981 F.Supp. 2d at 1213.

13. Accordingly, well over $75,000 is in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

14. This action is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a).

**All Procedural Requirements for Removal Have Been Satisfied**

15. Cardinal is the only named defendant and has the power to remove without the consent of any other party.

16. Pursuant to 28 U.S.C. §§ 1441 and 1446, this Notice of Removal is being filed in the United States District Court for the Middle District of Florida, Ocala Division, which is the federal district court embracing the court where the state court action was commenced.

17. This Notice of Removal has been filed within 30 days of service upon Cardinal, which was no earlier than May 6, 2021. Removal is therefore timely under 28 U.S.C. § 1446(b).

18. After filing this Notice of Removal, Cardinal will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Circuit Court for the Fifth Judicial Circuit of the State of Florida, Marion County.

19. True and correct copies of all process, pleadings, and orders served on Cardinal in the action pending in the state court action are attached hereto as exhibits in compliance with 28 U.S.C. § 1446.

20. Cardinal will pay any appropriate filing fee to the Clerk of this Court upon filing this Notice of Removal.

21. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

### Non-Waiver of Defenses

22. By removing this action from the Circuit Court for the Fifth Judicial Circuit of the State of Florida, Marion County, Cardinal does not waive any defenses available to it.

23. By removing this action from the Circuit Court for the Fifth Judicial Circuit of the State of Florida, Marion County, Cardinal does not admit any of the allegations in Plaintiff's Complaint.

### Request for Additional Argument and Evidence

24. In the event that Plaintiff seeks to remand this case, or the Court consider remand *sua sponte*, Cardinal respectfully requests the opportunity

to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE**, Defendant Cardinal Glass Industries, Inc. removes the above-captioned action from the Circuit Court for the Fifth Judicial Circuit of the State of Florida, Marion County, to the United States District Court for the Middle District of Florida, Ocala Division.

Date: May 26, 2021.                     Respectfully submitted,

By: */s/ Jennifer M. Taylor*
    Jennifer M. Taylor
    Florida Bar No. 0174203
    jtaylor@cozen.com
    Cozen O'Connor
    200 S. Biscayne Blvd., Suite 3000
    Miami, FL 33131
    Telephone: (305) 704-5944
    Facsimile: (786) 220-0207

And

    Bryan J. Morben *(pro hac vice to be submitted)*
    bmorben@fredlaw.com
    Fredrikson & Byron, P.A.
    200 South Sixth Street, Suite 4000
    Minneapolis, MN  55402-1425
    Telephone (612) 492-7000

    *Attorneys for Defendant Cardinal Glass Industries, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  May 26, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all Counsel of Record or Pro Se Parties identified on the attached Service List in the manner specified, either via transmission of Notices Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

By: */s/ Jennifer M. Taylor*
Jennifer M. Taylor

LEGAL\52384884\1

## SERVICE LIST

Edwin A. Green, III
Blanchard, Merriam, Adel, Kirkland & Green, P.A.
Post Office Box 1869
Ocala, Florida 34478
tgreen@bmaklaw.com
Icaldwell@bmaklaw.com

*Attorneys of Plaintiff*


Jennifer M. Taylor
jtaylor@cozen.com
Cozen O'Connor
200 S. Biscayne Blvd., Suite 3000
Miami, FL 33131
Telephone: (305) 704-5944
Facsimile: (786) 220-0207

Bryan J. Morben *(pro hac vice to be submitted)*
bmorben@fredlaw.com
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN  55402-1425
Telephone (612) 492-7000

*Attorneys for Defendant Cardinal Glass Industries, Inc.*