IN THE CIRCUIT COURT FOR THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR MARION COUNTY, FLORIDA

JUSTIN R. MATTHEWS,                          CASE NO.:

     Plaintiff,

v.

CARDINAL GLASS INDUSTRIES, INC.,
A Foreign For-Profit Corporation,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, JUSTIN R. MATTHEWS (hereinafter "MATTHEWS") by and through his undersigned counsel, sues the Defendant, CARDINAL GLASS INDUSTRIES, INC., a Foreign For-Profit Corporation authorized to do business in the State of Florida (hereinafter "CARDINAL GLASS"), and alleges as follows:

## NATURE OF CLAIMS

This is an action to address the deprivation of rights secured to MATTHEWS by the Florida Civil Rights Act of 1992 ("FCRA"), *Fla. Stat.* §760.01 *et seq.* CARDINAL GLASS violated the FCRA when it discriminated against MATTHEWS because of his disability.

## STATUTORY PREREQUISITES TO SUIT

1.    MATTHEWS has exhausted his administrative remedies and fulfilled all conditions precedent to maintain the claims asserted herein under the FCRA.

2.    MATTHEWS filed a timely Charge of Discrimination with both the Florida Commission on Human Relations ("FCHR") and the United States Equal Employment Opportunity Commission ("EEOC").

Electronically Filed Marion Case # 21CA000766AX 04/26/2021 02:34:10 PM

3. MATTHEWS has complied with the requirements of dual filing for an investigation conducted by the FCHR and EEOC.

4. The claims asserted herein are like or reasonably related to the allegations contained in the Charge of Discrimination filed with the EEOC and FCHR.

5. Since the EEOC failed to make a reasonable cause determination within 180 days from the filing of the Charge of Discrimination, MATTHEWS requested a Notice of Right to Sue letter and filed suit.

## JURISDICTION, VENUE AND PARTIES

6. This is an action for damages in excess of $30,000 exclusive of interests, costs and attorney's fees.

7. The alleged unlawful acts of CARDINAL GLASS giving rise to this action were committed in Ocala, Marion County, Florida within the jurisdiction of the Circuit Court for the Fifth Judicial Circuit in and for Marion County, Florida.

8. At all times MATTHEWS was an employee of CARDINAL GLASS.

## GENERAL ALLEGATIONS

9. At all times material hereto, MATTHEWS was an employee as defined in the FCRA. As such, MATTHEWS was protected against discrimination because of his disability with respect to the terms, conditions, or privileges of his employment.

10. At all times material hereto, MATTHEWS, because of his disability was a member of protected classes of persons as defined by the FCRA.

11. At all times material hereto, CARDINAL GLASS employed 15 or more employees for each workday in each of 20 or more calendar weeks in the current or preceding

2

calendar year. As such, CARDINAL GLASS was an employer within the meaning of the FCRA.

12.      MATTHEWS was hired on February 28, 2018 as a production worker for CARDINAL GLASS in its Ocala, Florida plant.

13.      Upon information and belief, MATTHEWS never received any poor performance evaluations while working for CARDINAL GLASS.

14.      In March, 2020, MATTHEWS fell off a ladder and was injured. He went to work, but his legs were hurting and he was losing feeling in his feet. An x-ray revealed that MATTHEWS had sustained several herniated discs at L1 – S1 in his back.

15.      On May 27, 2020, MATTHEWS was discharged and cleared to work by his spinal physician. However, MATTHEWS' worker's compensation physician Jet Medical put MATTHEWS on light duty on June 17, 2020. MATTHEWS was then given a release note to return to work stating that he was capable of lifting 50 pounds by his spinal physician. However, CARDINAL GLASS would not allow MATTHEWS to return to work.

16.      MATTHEWS, who has been cleared by his spinal physician, kept asking to return to work because his job as a production worker did not require him to lift over 50 pounds. However, on July 2, 2020, CARDINAL GLASS told MATTHEWS he had to get another note from his healthcare provider because the one he had provided from his spinal physician was apparently not the spinal physician's letterhead and was, "not good because anyone could have signed it."

17.      MATTHEWS, who really wanted to return to work, obtained another note from his physician stating that he could return to work but was told by CARDINAL GLASS that he needed a new note because the physician's note had no "stamp on it."

3

18.     MATTHEWS was then told on Monday, July 13, 2020 that he had to go home and could not work until he brought in a note from a physician with the proper "stamp" on it.

19.     MATTHEWS was told by this by his supervisor, Mark Galinberti, and also by the company's human resources representative, Yvonne Roach.

20.     On July 14, 2020, MATTHEWS was eager to return to work because he had been told that he was capable of going back to work by his physicians.  On that date he sent a text to the human resources representative, Yvonne Roach, and asked what he needed to do to come back to work.  Roach responded by saying, "when I find out I will contact you."  MATTHEWS was told the same thing on that day by his supervisor, Mark Galinberti.

21.     On July 15, 2020, MATTHEWS received a text from CARDINAL GLASS employee Yvonne Roach at 2:30 p.m. telling him what he needed from his physicians to be able to return to work.  He called his physicians to try to obtain the information but was told that he would have to wait until the following day, July 16, 2020.

22.     MATTHEWS told his supervisor, Mark Galinberti, what was going on.

23.     On July 16, 2020, while MATTHEWS was at his physician's office picking up the note that supposedly would allow him to return to work, he was apparently terminated by his manager, Ed Ortiz, who told MATTHEWS' coworkers that MATTHEWS was being terminated because he had not shown up for work.

24.     MATTHEWS was discriminated against based upon his disability, and/or perceived disability by CARDINAL GLASS.

## COUNT I
## DISABILITY DISCRIMINATION AND DISCRIMINATION BASED UPON PERCEIVED DISABILITY UNDER FCRA

25.     MATTHEWS realleges and reaffirms paragraphs 1 through 24 above as if they were fully alleged and pled herein.

4

26.     This is an action for damages in excess of $30,000 exclusive of interest, costs and attorney's fees pursuant to the Florida Civil Rights Acts of 1992, codified as §760.01, *et seq., Fla. Stat.*

27.     Section 760.10, *Fla. Stat.,* prohibits an adverse employment action against an individual with respect to the compensation, terms, conditions or privileges of employment because of that individual's disability or perceived disability by the individual's employer.

28.     As a direct and proximate result of the aforementioned intentional discriminatory acts of CARDINAL GLASS, its agents and employees, MATTHEWS has sustained damages including but not limited to the following:

    a.     Lost wages, income and employment benefits.

    b.     Emotional pain, suffering, inconvenience, mental anguish and dignitary injuries.

    c.     Costs including attorney's fees in pursuing redress for the deprivation of his civil rights.

29.     The aforementioned and intentional discriminatory acts of CARDINAL GLASS, its agents and employees were performed with malice and with knowledge that such conduct violated the FCRA and/or with reckless disregard as to whether such conduct violated the FCRA.

WHEREFORE, the Plaintiff, JUSTIN R. MATTHEWS, prays this Honorable Court enter a judgment against the Defendant, CARDINAL GLASS INDUSTRIES, INC. in favor of MATTHEWS awarding him the following relief:

    a.     An Order pursuant to §760.11(5), *Fla. Stat.,* for compensatory damages for emotional pain, suffering, mental anguish, and dignitary injury and other pecuniary losses;

b.    An Order pursuant to §760.11(5), *Fla. Stat.,* for back pay, including the economic value of lost fringe benefits and interest on back pay.

c.    An Order pursuant to §760.11(5), *Fla. Stat.,* for front pay, including interest on front pay.

d.    An Order pursuant to §760.11(5), *Fla. Stat.,* for punitive damages as allowed by law.

e.    An Order pursuant to §57.041, *Fla. Stat.,* for the cost of this action.

f.    An Order pursuant to §760.11(5), *Fla. Stat.,* for a reasonable attorney's fee as part of the costs.

g.    For other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

30.    Plaintiff demands trial by jury on all issues so triable.

DATED this 26th day of April, 2021.

BLANCHARD, MERRIAM,
ADEL, KIRKLAND & GREEN, P.A.

By: _____
Edwin A. Green, III, Esquire
Florida Bar No. 0606111
Post Office Box 1869
Ocala, Florida  34478
Telephone: (352) 732-7218
Attorneys for Plaintiff
tgreen@bmaklaw.com
lcaldwell@bmaklaw.com

6